IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BERNARD JONES                                                                                           PLAINTIFF

v.                                      Civil No. 4:19-cv-04009

HOPE CITY POLICE DEPARTMENT, *et al*                                              DEFENDANTS

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant, Hope City Police Department's, Motion To Dismiss. ECF No. 19. Plaintiff has failed to responded to this Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation. This Court, having reviewed the briefing, recommends Defendant, Hope City Police Department's ("Hope PD"), Motion To Dismiss (ECF No. 19) be **GRANTED.**

**1. Background**

On October 16, 2018, Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights, allegedly occurring on May 28, 2018, where he was falsely arrested, which caused him to lose his job at Tyson Foods. ECF No. 1. According to Plaintiff, Defendant violated his rights by falsely arresting him without a warrant based solely on hearsay. *Id.*

On April 29, 2019, Defendant filed a Motion To Dismiss alleging a police department is not a legal entity, and as such cannot be sued. ECF No. 19. Defendant also argued Plaintiff's Complaint should be dismissed based on his failure to state a claim for relief. *Id.*

Plaintiff has failed to respond to Defendant's Motion.

**2. Discussion**

Plaintiff has named the Hope City Police Department as a defendant. Defendant relies on

*Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir.1992), to support the proposition that they are a division of government and not a separate "juridical entity" subject to suit. In *Ketchum*, the Eighth Circuit approved the district court's dismissal of Section 1983 claims against the West Memphis (Arkansas) Police Department and West Memphis Paramedic Services because those defendants were "not juridical entities suable as such. They are simply departments or subdivisions of the City government." *Id*. at 82. Police departments are entities not typically subject to suit under 42 U.S.C. § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

### 3. Conclusion

Based upon the foregoing, this Court recommends that Defendant, Hope City Police Department's, Motion To Dismiss (ECF No. 19) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 17th day of July 2019.**

> s/ *Barry A. Bryant*
> HON. BARRY A. BRYANT
> U. S. MAGISTRATE JUDGE