IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BERNARD JONES                                                              PLAINTIFF

v.                              Civil No. 4:19-cv-04009

HOPE CITY POLICE
DEPARTMENT, *et al*                                                      DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant, Arkansas Department of Community Corrections[1], Motion To Dismiss. ECF No. 22. Plaintiff has failed to responded to this Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation. This Court, having reviewed the briefing, recommends Defendant, Arkansas Department of Community Corrections, Motion To Dismiss (ECF No. 22) be **GRANTED.**

**1. Background**

On October 16, 2018, Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights, allegedly occurring on May 28, 2018, where he was falsely arrested, which caused him to lose his job at Tyson Foods. ECF No. 1. According to Plaintiff, Defendant violated his rights and caused him to lose his job. *Id.*

On May 3, 2019, Defendant filed a Motion To Dismiss and seeks to dismiss Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6) alleging they are not subject to suit based on sovereign immunity. ECF No. 22.

Plaintiff has failed to respond to Defendant's Motion.

---

[1] Defendant was incorrectly named in the complaint as "Probation and Parole Office".

**2. Discussion**

Pursuant to Fed.R.Civ.P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949–50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1049 (8th Cir.2010)(internal quotation marks and citations omitted).

The sovereign immunity of the States recognized in the Eleventh Amendment bars any suit brought in federal court against a state or state agency, regardless of the nature of the relief sought, unless Congress has abrogated the States' immunity or a state has consented to suit or waived its immunity." *Rush v. Perryman*, 2007 WL 2091745, at *3 (E.D. Ark. July 17, 2007) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996) ). Arkansas and its agencies and officials have not consented to suit in federal court. *See Burk v. Beene,* 948 F.2d 489, 492-93 (8th Cir. 1991). Moreover, Congress did not abrogate the States' sovereign immunity when it enacted 42 U.S.C. § 1983. *Id.*

In the instant case, Arkansas Department of Community Corrections is an Arkansas state agency and Arkansas has not consented to suit in this Court. Therefore, Arkansas Department of Community Corrections is entitled to sovereign immunity and is immune from suit in this Court.

**3. Conclusion**

Based upon the foregoing, this Court recommends that Defendant, Arkansas Department of

Community Corrections, Motion To Dismiss (ECF No. 22) be **GRANTED.**

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 22nd day of July 2019.**

s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE