IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BERNARD JONES                                                                  PLAINTIFF

v.                                    Civil No. 4:19-cv-04009

HOPE CITY POLICE
DEPARTMENT, *et al*                                          DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant, Tyson Chicken Inc.[1], ("Tyson") Motion To Dismiss. ECF No. 27. Plaintiff has failed to responded to this Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation. This Court, having reviewed the briefing, recommends Defendant, Tyson's, Motion To Dismiss (ECF No. 27) be **GRANTED**.

**1. Background**

On October 16, 2018, Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights, allegedly occurring on May 28, 2018, where he was falsely arrested, which caused him to lose his job at Tyson. ECF No. 1. According to Plaintiff, after being falsely arrested, Defendant fired him. *Id.*

On August 6, 2019, Defendant filed a Motion To Dismiss and seeks to dismiss Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.[2] ECF No. 27. Plaintiff has failed to

---

[1] Tyson states they are incorrectly named as "Tyson Foods".

[2] Because this Court finds Plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), only this basis will be discussed.

respond to Defendant's Motion.

## 2. Discussion

Fed.R.Civ.P. 8(a)(2) requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Pursuant to Fed.R.Civ.P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1049 (8th Cir.2010)(internal quotation marks and citations omitted). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

This Court has given Plaintiff's *pro se* Complaint liberal construction in the light most favorable to Plaintiff, accepting as true all of his factual allegations. *Bell* at 572; *Eckert v. Titan Tire Corp*. 514 F.3d 801, 806 (8th Cir. 2008). However, even with such liberal construction, the Court

finds Plaintiff's complaint fails to fulfill the requirements of Rule 8 and fails to state a claim on which relief may be granted.

According to Plaintiff's Complaint, the Hope City Police Department arrested Plaintiff "on hearsay." ECF No. 1.  Plaintiff alleges he went to court, and the charges were ultimately dismissed.  *Id.*  Pleading further, Plaintiff states Probation and parole "violated" him and this caused him to lose his job.  *Id.*  He concludes his Complaint by alleging Defendant Tyson fired him based on these claimed events.  *Id.*  This is the entire factual content alleged by Plaintiff.

In this matter, the Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).  The facts alleged do not under any standard amount to any cognizable claim against Tyson and certainly not one pursuant to 42 U.S.C. § 1983 .  Plaintiff simply alleges Tyson fired him after he was arrested and during the time he was in custody.

### 3. Conclusion

Based upon the foregoing, this Court recommends that Defendant, Tyson's, Motion To Dismiss (ECF No. 27) be **GRANTED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8thCir. 1990).**

**ENTERED this 23rd day of August 2019.**

s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE